# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PEREZ,<br><br>    Petitioner,<br><br>    v.<br><br>R. PADILLA,<br><br>    Respondent. | Case No. 1:14-cv-01665-GSA-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    On October 24, 2014, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. Petitioner appears to challenge a prison disciplinary hearing held on November 30, 2013, wherein he was found guilty of refusal to provide a urinalysis sample. However, his grounds for relief involve conditions of confinement, specifically excessive force by officers, assault by officers, and falsified documentation. Petitioner had previously filed a federal petition for writ of habeas corpus on July 28, 2014, which this this Court dismissed without prejudice on September 22, 2014. See Joseph Perez v. R. Padilla, case no. 1:14-cv-1173-GSA.

///

1

# I.

# DISCUSSION

## A. Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

## B. Exhaustion of State Remedies

A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  See Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  See Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that

> exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

A review of the instant petition for writ of habeas corpus reveals that the instant petition is nearly identical to the one that this Court dismissed on September 22, 2014, except Petitioner now includes a second inmate case number and inmate/parolee appeal form attachment for number 1309527.  See Joseph Perez v. R. Padilla, case no. 1:14-cv-1173-GSA.  Upon review of the instant petition for writ of habeas corpus and a search of the California Supreme Court case information website, Petitioner has not sought review for his claims in the California Supreme Court.  It appears that Petitioner has administratively appealed the decision of the prison disciplinary hearing, but he has not sought review for his claims in the state courts.  Since Petitioner has not presented all of his claims to the highest state court, the Court cannot proceed

to the merits of those claims. 28 U.S.C. § 2254(b)(1).[1]

## C. Challenge to Conditions of Confinement

The petition must also be dismissed to the extent that Petitioner is challenging the conditions of his confinement, and not the legality or duration of that confinement.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner states that his petition involves excessive force, assault by staff, and falsified documentation.  Therefore, to the extent that Petitioner's petition is a civil rights complaint which challenges the conditions of his confinement, it must be dismissed.  The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

## D. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).   The controlling statute in determining

---

[1] In addition, Petitioner fails to name a proper respondent. A petitioner corpus seeking habeas relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

In the present case, Petitioner named "R. Padilla," who was one of the officers involved in the incident on October 24, 2013. Petitioner did not name the state officer having custody of him, and therefore, he failed to name a proper respondent. The Court notes that it would generally give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility, but that would be futile, as the petition is dismissed on other grounds.

whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**II.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED without prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 21, 2014**                           **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE